# STRAFFORD,

## DECEMBER TERM, A. D. 1847.

---

## HAYES & a. v. DAVIS.

Where a deed was executed, handed to the register and recorded, without the knowledge or assent of the grantees, after which the grantor took and kept possession of it;—*held*, that in the absence of evidence that he intended this to constitute a delivery, it was not his deed.

If security be taken for the indemnity of two co-sureties, one of them has no power to discharge it, against the interest of the other.

PLEA OF LAND, wherein the plaintiffs demanded two tracts of land in Middleton.

The defendant pleaded the general issue, and filed a brief statement that he should rely upon a discharge from this action, executed by the plaintiff Boody since the last continuance.

To show his title, the plaintiff offered an office-copy of a mortgage deed from the defendant to the plaintiffs, dated June 5, 1847, conveying the land in question. The condition of the deed was, that if the defendant paid to the Strafford Savings Bank one half part of a note signed by the defendant, by both the plaintiffs, and one Chadwick, and should keep the plaintiffs harmless from one full half part, then the deed to be void.

The plaintiff then offered evidence tending to prove that the deed was made and executed by Davis, when neither of the plaintiffs were present or knew of the transaction, and that he caused it to be put upon record, and then took, and has now the possession of it, and refuses, on notice from the plaintiffs, to produce it. The

court ruled that, as between original parties, this was a sufficient delivery; to which the defendant excepted.

The plaintiffs produced the note described in the mortgage, which note was dated January 30, 1846, and signed by David Davis, John Chadwick, Dudley Pike, Joseph Boody and Solomon Hayes, payable to the Strafford Savings Bank, for $1000.

The defendant then offered a discharge, executed by Joseph Boody to him, from all liability to Boody on the present action, the note, and the mortgage; to which the plaintiff Hayes objected, alleging that Boody was insolvent and had paid nothing, and that the action was prosecuted for the benefit of himself; and such appearing to be the fact the court sustained the objection, and rejected the release; to which the defendant excepted.

The jury returned a verdict for the plaintiff, and the defendant moved for a new trial.

*Christie*, for the plaintiff, cited 2 Dyer 167; 12 Johns. 456; Shep. Touch. 57; 5 Watts 343; 1 Dana 210; 1 Johns. Cases 114; 12 Mass. 451.

*Hobbs*, for the defendant, cited 12 Johns. 418; 10 Mass. 456; 8 Met. 447; 3 N. H. Rep. 304; 7 Mass. 131; 11 id. 469; 7 Taunt. 421; Chitty on Con. 780; 5 Mass. 417; 5 B. & Ald. 668; E. 12 C. L. R. 351.

PARKER, C. J. The evidence tended to prove that the mortgage upon which the plaintiffs rely was made and executed by the defendant, when neither of the plaintiffs was present; that they had no knowledge of the transaction at the time, and that the defendant caused it to be put upon the record, and then took it away, and has ever since had the possession of it. The court ruled that this showed a sufficient delivery as between the parties; and it is contended that there is a presumption of law, arising

on this evidence, that the deed was delivered to the register for the use of the plaintiffs, as the deed of the grantor. But this position cannot be maintained.

Assuming that the case had stated that these facts were proved, instead of setting forth that the evidence tended to establish them, they would not necessarily constitute a delivery of the deed. Delivering a deed to the register to be recorded, may be with the intention of still holding the deed under control, until a consideration is paid or a condition performed. It is evidence from which a jury, on consideration of all the circumstances, may find a delivery or not, according as they find the intention of the party. The conclusion is one of fact merely, and the court cannot draw it.

If the deed was delivered, it was a security for the benefit of both the plaintiffs; and, assuming that the money was paid by Hayes, Boody could not discharge the suit. It is true that he may be said to have an interest in the security, for it was intended to indemnify him, and he is not yet discharged from his liability. He has such a contingent interest as the court will protect. But if his co-surety has paid, and he is not yet damnified, he has no right, on account of any contingent interest he may have, to attempt, by his release, to prevent the co-surety who has paid from availing himself of the security. This is in no way to the prejudice of his rights, but is to his exoneration. If the security had been in the name of Boody alone, Hayes, having paid, would be entitled, by way of subrogation, to the benefit of it. If Boody, after his co-surety had paid, could not lawfully discharge and give up the security in case it had been taken to himself, because the co-surety had an interest in it, it is very clear that he cannot discharge it, under the circumstances, when it is taken to them jointly.

*Verdict set aside.*